IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **RAYMOND BROWN** | \* |
| Plaintiff | \* |
| v. | \* Civil No. **PJM 16-3541** |
| **U.S. DEPARTMENT OF JUSTICE,** *et al*. | \* |
| Defendants. | \* |

## MEMORANDUM OPINION

*Pro se* Plaintiff Raymond Brown has sued the United States Department of Justice, the United States Parole Commission ("Parole Commission") and the Court Services and Offender Supervision Agency ("CSOSA") (collectively, "Defendants"). In his Complaint (ECF No. 1), Brown alleges that Defendants kept him on supervised release for approximately ten months past his expiration date. Defendants have filed a Motion to Dismiss, or Alternatively, for Summary Judgment, disputing two potential interpretations of Brown's Complaint: (1) that his constitutional rights were violated under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); and (2) that he has a tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). In his Opposition, Brown also suggests that Defendants violated the Ex Post Facto Clause and the Thirteenth Amendment when they continued his supervision past his release date.

For the following reasons, the Court will **GRANT WITH PREJUDICE** Defendants' Motion to Dismiss (ECF No. 9) and therefore, need not address their alternative Motion for Summary Judgment (ECF No. 9).

1

## I.   FACTS AND PROCEDURAL HISTORY

In 1989, the Superior Court of the District of Columbia sentenced Brown to nine years in prison for unlawful use of a vehicle, violating the Bail Reform Act, and destruction of property. Defendants' Motion to Dismiss, Exhibit A, ECF No. 9-2 at 3. He was released on parole in 1992. ECF No. 9-2 at 6. When his parole was revoked for non-criminal violations, he was immediately reparoled until August 30, 2004, the recalculated expiration date of his sentence. ECF No. 9-2 at 7-8. Subsequently, while on parole, he was charged with assault with a deadly weapon, kidnapping while armed, threats while armed, and contempt. ECF No. 9-2 at 1. But in June 2001, Brown signed an expedited revocation proposal in which he accepted responsibility for his violations. ECF No. 9-2 at 11. Pursuant to the proposal, the Parole Commission revoked Brown's parole, forfeited all the time that he had spent on parole, and continued him to the expiration of the sentence, less credit for good time. ECF No. 9-2 at 16. On March 23, 2001, the D.C. Superior Court sentenced Brown to ten years and 180 days in prison, as well as nine years of supervised release, for his parole violations. ECF No. 9-2 at 1.

In April 2010, Brown's counsel requested that the Parole Commission reopen Brown's case and run his new parole violation sentence concurrently with his original sentence because Brown contended that he had been under the impression that the sentences would run concurrently when he signed the expedited revocation proposal. ECF No. 9-2 at 19. On July 7, 2010, the Parole Commission reopened the case and granted Brown reparole effective *nunc pro tunc* to May 23, 2001, and began the running of the consecutive sentence on that date, thereby allowing Brown to complete his new sentence in a shorter amount of time. ECF No. 9-2 at 21.

On July 13, 2010, Brown was released from prison under supervised release, consistent with his revised nonparolable sentence. *See* ECF No. 9-2 at 24.  Brown was supervised by

CSOSA because his parolable sentence had expired while he was serving the new sentence. *See* ECF No. 9-2 at 4. Annual supervision reports in 2014 and 2015 from Brown's CSOSA officer indicated that his supervised release term was set to expire in July 2019, in accordance with the DC Superior Court's nine year supervised release term imposed following his July 2010 release. ECF No. 9-2 at 24, 27. The supervision reports recommended continued supervision, and as late as September 2015, the Parole Commission decided continued Brown's supervision. ECF No. 9-2 at 29.

On May 25, 2016, Brown's counsel sent a letter to the Parole Commission requesting immediate termination of his supervision. ECF No. 9-2 at 30. He advised that in December 2009, the D.C. Superior Court had vacated his nine-year period of supervised release in order to conform to D.C. law, which limits supervised release to a maximum period of five years. *Id*. at 30-31, 34. On May 27, 2016, the Parole Commission instructed CSOSA to discontinue Brown's supervision, noting that "[t]he BOP never received the amended J & C and the sentence computation information was not updated" so that his supervision should have expired July 12, 2015. ECF No. 9-2 at 36.

On October 25, 2016, Brown, *pro se*, filed the present Complaint against Defendants, claiming that they "knowingly, willingly, and intentionally" refused to release him from supervised parole when his case expired, which in effect placed him in a state of "involuntary servitude until on or about [sic] May 27, 2016." ECF No. 1 ¶ 1. He also claims that Defendants violated 28 C.F.R. § 2.35(a), which states that "A prisoner shall be mandatorily released by operation of law at the end of the sentence imposed by the court…" Brown seeks punitive damages of $5,000,000.

In their Motion to Dismiss, Defendants infer two potential interpretations of Brown's Complaint and dispute both. To the extent Brown brings a *Bivens* claim alleging that Defendants violated his constitutional rights by keeping him on supervised release, they argue that the Court should dismiss his claim for three reasons: (1) sovereign immunity bars the claim, (2) he has not alleged the violation of a specific constitutional right, and (3) a *Bivens* claim does not lie against federal agencies. Defendants' Motion to Dismiss, ECF No. 9-1 at 5-8. To the extent Brown seeks to bring an FTCA claim, Defendants cite six reasons why the Court should dismiss his claim: (1) he failed to exhaust administrative remedies before bringing this action; (2) an FTCA claim does not lie against federal agencies; (3) punitive damages are barred; (4) any constitutional tort claim or claim arising from Defendants' alleged violation of 28 C.F.R. § 2.35(a) is not cognizable; (5) any claims of false imprisonment and abuse of process are not cognizable; and (6) he has failed to state a negligence claim under the FTCA. ECF No. 9-1 at 9-16. Defendants admit that Brown's term of supervision was extended past the July 2015 expiration date. ECF No. 9-1 at 3-4.

In Opposition, Brown also suggests that Defendants violated the Ex Post Facto Clause of the Constitution, art. I, § 9, cl. 3, when they increased his release date from July 2015 to July 2016, which he claims was in direct violation of 28 C.F.R. § 2.200. He also claims that Defendants placed him in compulsory service, creating a "climate of fear, and threats of legal coercion" and violating the Thirteenth Amendment. ECF No. 11 at 3.

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted if the allegations in a complaint do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A party may move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) where the court lacks subject matter jurisdiction over the claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited subject matter jurisdiction: they "possess only the jurisdiction authorized them by the United States Constitution and by federal statute." *See United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009) (citing *Bowles v. Russell*, 551 U.S. 205, 127 S. Ct. 2360, 2365, 168 L.Ed.2d 96 (2007)). As the party asserting jurisdiction, the plaintiff bears the burden of proving that the district court has subject matter jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). When a governmental entity is sued and Congress has not waived sovereign immunity as to the claim, sovereign immunity deprives the court of jurisdiction to hear the case. *See Global Mail Ltd. v. United States Postal Serv.*, 142 F.3d 208, 210 (4th Cir.1998). When a district court determines that it lacks subject matter jurisdiction over an action, it must dismiss the action. *Vuyyuru*, 555 F.3d at 347 (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07, 126 S. Ct. 1235, 163 L.Ed.2d 1097 (2006)).

## II.   ANALYSIS

Defendants rightly construe Brown's Complaint as attempting to seek claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the FTCA. Brown, they contend, fails to prove that Defendants—federal agencies shielded from *Bivens* actions under sovereign immunity—violated his constitutional rights. Additionally, to the extent Brown is attempting to bring a claim under the FTCA, it is barred because Brown failed to exhaust administrative remedies by filing claims with CSOSA and the Parole Commission prior to bringing this action.

A. *Bivens* Claim

To bring a *Bivens* claim, a plaintiff must prove two elements: "(1) a violation of . . . constitutional rights, (2) by agents acting under color of federal law." *Goldstein v. Moatz*, 364 F.3d 205, 210 n. 8 (4th Cir. 2004). The Fourth Circuit has held that "*Bivens* did not abolish the doctrine of sovereign immunity of the United States." *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996). The United States enjoys sovereign immunity from all lawsuits against it, absent an express waiver of its immunity. *FDIC v. Myer*, 510 U.S. 471, 475 (1994); *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005). Only federal employees—not federal agencies—can be sued in a *Bivens* action. *Myer*, 510 U.S. at 484-86. A plaintiff cannot bring a *Bivens* action against federal agencies such as the Parole Commission and CSOSA. *See Owens-El v. Brunson*, No. WDQ–11–0523, 2011 WL 6651330, at *7 n.36 (D. Md. Dec. 14, 2011) (*Bivens* claim against Parole Commission and Probation Office barred by sovereign immunity); *see also Kennedy v. U.S. Parole Com'n*, No. CCB–13–19, 2013 WL 4517270 (D. Md. Aug. 23, 2013).

In any event, Brown has not established that Defendants violated a constitutional right. In his Complaint, Brown does not identify a specific provision in the Constitution that Defendants violated and instead merely asserts that Defendants "discriminated" against him, ECF No. 1 ¶ 2, and checks the "Other Civil Rights" box on the Civil Cover Sheet attached to the Complaint. ECF No. 1-1. However, in his Opposition to Defendant's Motion, Brown claims that Defendants violated the Ex Post Facto Clause of the Constitution when they continued supervision past his release date. ECF No. 11 at 3. He also alleges that his Thirteenth Amendment rights were violated when Defendants placed him "in a condition of compulsory service." *Id.* Allowing that the Court could entertain these arguments raised for the first time in his Opposition—because they are sufficiently related to his initial claim of discrimination in the Complaint and because

*pro se* filings are "liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)—they still do not adequately establish a violation of his constitutional rights.

Brown's claim that Defendants violated the Ex Post Facto Clause simply has no application here. Brown's extended period of supervision was not due to the retroactive application of a criminal law, which is what the Clause pertains to. *Weaver v. Graham*, 450 U.S. 24, 29 (1981) ("two critical elements must be present for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it."). Instead, as Brown's counsel pointed out in his May 25, 2016 letter to the Parole Commission, the oversight of his prolonged detention likely resulted from a record-keeping error that failed to account for the Superior Court's Amended Judgment and Commitment Order imposing a maximum period of five years of supervised release. *See* ECF No. 9-2, Ex. O at 1.

Brown's argument that his Thirteenth Amendment rights were violated also fails. The Parole Commission and CSOSA's continued supervision of Brown past July 13, 2015, while erroneous, did not amount to slavery or involuntary servitude, and did not qualify as related "incidents or badges of slavery." *Washington v. Finlay*, 664 F.2d 913, 927 (4th Cir. 1981) ("[the Thirteenth Amendment's] independent scope is limited to the eradication of the incidents or badges of slavery and does not reach other acts of discrimination."). In his Opposition, Brown claims that Defendants placed him "in a condition of compulsory service against his will," but he fails to explain how being on extended supervised release amounted to compulsory service. *See Hashim v. Nelson-Clash*, No. 12–cv–01892–AW, 2013 WL 80155, at *8 (D. Md. Jan. 4, 2013) (dismissing Thirteenth Amendment claims because parole agents' denial of plaintiff's request for

unsupervised probation did not amount to compulsory labor). Nor, of course, does he cite any pertinent legal authority in support of his argument.

Further, Brown has not satisfied the second element of a *Bivens* claim because he brings this action against two federal *agencies*—the Parole Commission and CSOSA—instead of federal *agents*. To the extent he alleges that his constitutional rights were violated, sovereign immunity bars his claims against the Parole Commission and CSOSA both of which are most certainly federal agencies. *See Meyer*, 510 U.S. at 484–86.

The Court's dismissal with respect to Brown's *Bivens* claim will be with prejudice. A district court may dismiss a complaint with prejudice when "it is clear that amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability." *Cozzarelli v. Inspire Pharm. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). Even if Brown were to amend his Complaint and bring his *Bivens* action against the proper federal agents, he would still be unable to identify any provision in the Constitution protecting him against continued supervision past his release date. Quite simply, he has failed to state a cognizable claim under *Bivens*, and this deficiency cannot be cured by granting him leave to amend.

B. FTCA Claim

"[N]o action lies against the United States unless the legislature has authorized it." *Dalehite v. United States*, 346 U.S. 15, 30 (1953). However, by virtue of the FTCA, Congress created a limited waiver of sovereign immunity for claims brought against the United States based on the negligence or wrongful acts or omissions of its employees committed within the scope of employment. 28 U.S.C. §§ 1346(b)(1), 2671-2680. In those circumstances, the Government will accept liability in the same manner and to the same extent as a private individual would have under like circumstances. *Id. See Wood v. United States*, 845 F.3d 123, *7

(4th Cir. 2017). As a pre-requisite to the Court's jurisdiction over an FTCA claim, a plaintiff must submit documentary proof that he or she exhausted administrative remedies by filing a claim with the appropriate federal agency. *See* 28 U.S.C. §§ 1346(b), 2675(a). An FTCA claim against the United States is barred unless it is presented in writing to the appropriate federal agency within two years after it accrues or unless court action is begun within six months after notice of final denial of the claim by the agency to which it was presented. § 2401(b). This requirement is jurisdictional and cannot be waived. *See Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994).

Brown has not offered evidence that he filed the required administrative claims with the Parole Commission and CSOSA regarding his extended release date. As Defendants note, Brown's Notice of Intent to Sue letter to the Parole Commission, ECF No. 1-2, does not satisfy this requirement. *See Stoddard v. U.S. Parole Com'n*, 900 F. Supp. 2d 38, 42 (D.D.C. 2012) (sending an intent-to-sue letter to the Parole Commission, without following proper procedure by completing an SF-95 form, does not amount to exhaustion of administrative remedies).

Defendants submit five additional reasons why Brown's FTCA claim fails. ECF No. 9-1 at 12-16. However, the fact that Brown failed to file the required administrative claims with CSOSA and the Parole Commission prior to bringing this action, therefore not exhausting his administrative remedies, is dispositive. The Court lacks subject matter jurisdiction to review his FTCA claim.[1] *See Thomas v. Holder*, No. PJM–10–246, 2010 WL 3260029, at *4 (D. Md. Aug. 18, 2010) (finding that Court was divested of subject matter jurisdiction to review FTCA claim because there was no evidence that plaintiff exhausted administrative remedies).

---

[1] Defendants' assertion that Brown has failed to file the requisite administrative claims with CSOSA and the Parole Commission is supported by the declaration of Phillip A. Lattimore, ECF No. 9-1, Ex. S, and Helen Krapels, ECF No. 9-1, Ex. R. In his Opposition, Brown does not provide any evidence to the contrary and he has not submitted any additional information to the Court claiming that he has filed an administration claim with either agency.

The Court also dismisses Brown's FTCA claim with prejudice. Brown's supervision should have expired on July 13, 2015, five years after his release date of July 13, 2010. Accordingly, the two-year statute of limitations imposed by § 2401(b) bars Brown's FTCA claim because he would have to have filed his administrative claim by July 13, 2017, and he has not done so.[2] *See Ahmed*, 30 F.3d at 518 (dismissing personal injury claim because plaintiff failed to present it to the appropriate agency within two years of accident). The passing of the statute of limitations cannot be cured by granting Brown leave to amend his Complaint.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 9) is **GRANTED**. The Court **DISMISSES** Brown's Complaint (ECF No. 1) **WITH PREJUDICE** against all Defendants. Defendants' alternative Motion for Summary Judgment is **MOOT**.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**July 25, 2017**

---

[2] The Fourth Circuit has strictly adhered to the requirements of 28 U.S.C. § 2401(b) despite the harsh impact of this rule on plaintiffs. *Gould v. U.S. Dept. of Health & Human Services*, 905 F.2d 378, 747 (4th Cir. 1990). Further, "there is no provision applicable to 28 U.S.C. § 2401(b) that automatically tolls the limitation period." *Kinson v. United States*, 322 F. Supp. 2d 684, 686 (E.D.Va. 2004). Equitable tolling is only appropriate when the claimant has exercised due diligence in preserving his legal rights. *Muth v. United States*, 1 F.3d 246, 251 (4th Cir. 1993). The pendency of a case does not toll the statute of limitations under § 2401(b); the two-year period for filing an administrative claim will be computed from the time the claim first accrued. *Cf. Miller v. United States*, 418 F. Supp. 373, 378 (D. Minn. 1976) ("[P]rovisions of State law which normally have the effect of tolling statutes of limitation, such as minority or the pendency of a workman's compensation claim are not given that effect when the claim is under the Federal Tort Claims Act. . . . This Court does not have power to extend by implication or otherwise the statutory period for filing of the administrative claim.") (citations omitted) (refusing to toll statute of limitations between commencement and voluntary dismissal of case and holding that state rule allowing tolling during pendency of an action is not applicable under the FTCA).